O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

MARCUS LEON LINTHECOME,  )
                         )
         Petitioner,     )   Case No. CV 13-2479-JGB (AJW)
                         )
     v.                  )
                         )   MEMORANDUM AND ORDER
SHERIFF BACA, et al.,    )   DISMISSING PETITION
                         )
         Respondents.    )
_____)

Petitioner, who is currently incarcerated in the Los Angeles Men's Central Jail, filed this petition for a writ of habeas corpus on April 8, 2013. The petition does not challenge a conviction or sentence. Instead, petitioner challenges the conditions of his confinement. As relief, he seeks an order transferring him to the Pitchess Detention Center and providing him with medical attention. [See Petition at 1-5].

As a general rule, a claim challenging the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim challenging the conditions of confinement should be addressed by filing a civil rights action. See Wilkinson v. Dotson, 544 U.S. 74, 78-82 (2005).

Petitioner does not challenge his conviction or sentence. Nor do

any of his allegations concern the validity or duration of his confinement. At best, then, a favorable judgment would merely alter the conditions under which petitioner is confined. Because petitioner's claim properly is construed as one challenging the conditions of his confinement, it is cognizable in a civil rights action, not in a petition for a writ of habeas corpus.

A federal court has discretion to recharacterize a mislabeled habeas corpus petition as a civil rights action and to permit the action to proceed as such. Typically, however, such a re-characterization is inappropriate. Because of the filing fee requirements of the Prison Litigation Reform Act of 1995 ("PLRA"), its provisions requiring *sua sponte* review of complaints, and its limits on the number of actions a prisoner may be permitted to file *in forma pauperis*, a prisoner should not be obligated to proceed with a civil rights action unless it is clear that he or she wishes to do so. *See* 28 U.S.C. § 1915; 42 U.S.C. § 1997e; *see generally* *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir.)("[W]e think it worth reminding the district courts not to recharacterize a prisoner's petition for habeas corpus as a prisoner civil rights complaint without his informed consent.... It's not like recharacterizing a tort suit as a suit for breach of contract, since ... a habeas corpus action and a prisoner civil rights suit differ in a variety of respects – such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings – that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus.")(citations omitted), *cert. denied*, 132 S.Ct. 397 (2011); *cf.* *Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997)(stating that a

1 | court should not convert a civil rights action into habeas petition
2 | due to the implications of the abuse of the writ doctrine); Trimble v.
3 | City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995)(same).
4 |     Accordingly, the petition is dismissed without prejudice to
5 | petitioner's ability to attempt to pursue his claims in a civil rights
6 | action.[1]
7 | It is so ordered.
8 |
9 | Dated: May 7, 2013
10 |
11 | _____
12 | Jesus G. Bernal
    United States District Judge

---

[1] The Court expresses no opinion as to the viability of any such action.